IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* JANE DOE and JANE ROE, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> RODNEY YSA MESQUIAS and § <br> HENRY WAYNE MCINNIS, § <br> Defendants. § | CIVIL NO. 2:15-CV-208 <br><br> Judge Nelva Gonzales Ramos |

**UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT
THE UNITED STATES MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Plaintiff, the United States of America ("United States"), pursuant to Fed. R. Civ. P. 15(d) files this motion seeking leave of the Court to supplement its previously filed motion for summary judgment ("MSJ") on liability, with relevant new evidence that did not exist when the MSJ was filed, -- specifically, the recent Supreme Court orders denying the petitions for writ of certiorari of Defendants Rodney Ysa Mesquias ("Mesquias") and Henry Wayne McInnis ("McInnis")(collectively "Defendants").

**I.     PROCEDURAL BACKGROUND**

1.     On April 7, 2022, the United States filed a Complaint in Partial Intervention in this action brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. (ECF No. 21).

2.     On August 10, 2022, prior to the issuance of a Fed. R. Civ. P. 16 scheduling order, the United States filed a MSJ on Liability under Fed. R. Civ. P. 56(a) and the FCA estoppel provision, 31 U.S.C. § 3731(e). (ECF No. 32).

3.      On August 31, 2022, Defendant McInnis filed a Response to the United States MSJ. (ECF No. 34). On September 8, 2022, without objection by defense counsel, the United

States filed a Reply to Defendant McInnis's Response. (ECF No. 35). Defendant Mesquias did not file a response to the United States MSJ.

4.	On October 3, 2022, the Supreme Court denied the Defendants' petitions for writ of certiorari in the related criminal case in the Brownsville Division of the Southern District of Texas, Case No. 1:18-cr-00008. *United States v. Mesquias,* 2022 WL 4656410 (U.S. Oct. 3, 2022), *United States v. McInnis,* 2022 WL 4652134 (U.S. Oct. 3, 2022). In the criminal case, a jury convicted the Defendants of multiple federal offenses, including health care fraud and conspiracy to commit health care fraud arising from the same conduct, transactions, and occurrences underlying the allegations in the United States Complaint in Intervention. *United States v. Mesquias,* 29 F.4th 276 (5th Cir. 2022). The Fifth Circuit affirmed the Defendants convictions and sentences on March 24, 2022. *Id.*

5.	On October 6, 2022, the Clerk of the Court entered default against Defendant Mesquias who failed to plead or otherwise defend against this action. (ECF No. 36). On November 17, 2022, the Court entered an Order for Default Judgment Against Defendant Mesquias in favor of the United States. (ECF No. 39).

6.	The United States MSJ is pending before the Court, and the United States seeks leave from the Court to supplement its prior pleading with the Supreme Court orders that were not available when the MSJ was filed.

## II.	THE RELEVANT NEW EVIDENCE

5.	The United States MSJ seeks summary judgment on liability for its FCA causes of action under the FCA estoppel provision. The FCA estoppel provision protects "litigants from the burden of re-litigating an identical issue with the same party or his privy and ... [promotes] judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc., v. Shore,* 439 U.S. 322, 326 (1979). Further, summary judgment is an integral part of the Federal Rules designed "to

secure the just, speedy, and inexpensive determination of every action" upon a proper showing of the lack of a genuine, triable issue of material fact. *Celotex Corp. v. Catrett,* 106 U.S. 317, 327 (1986).

    6.    The FCA estoppel provision, at 31 U.S.C. § 3731(e), states:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding, and which is brought under subsection (a) or (b) of section 3730.

As discussed in its MSJ, the United States FCA actions against the Defendants involve the same facts, transactions, and series of transactions underlying the Defendants' criminal convictions that were affirmed by the Fifth Circuit. *See* ECF No. 32. Consequently, under the FCA estoppel provision, there is no genuine dispute about the essential elements of liability and no evidence from which a reasonable jury could return a verdict in favor of Defendants, and the United States is entitled to summary judgment on liability as a matter of law.

    7.    Defendant McInnis's Response to the United States MSJ ignores the FCA statutory relation back provision which states:

> For statute of limitations purposes, any such Government pleading shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person.

31 U.S.C. § 3731(c). Consequently, because of the FCA relation back provision the United States timely intervened in this *qui tam* matter and timely filed its own complaint following completion of the related criminal case.

3

8.	The United States seeks leave of the Court to supplement its MSJ with the recent Supreme Court orders denying certiorari because the orders are evidence of the final judgments against the Defendants in the related criminal case. The orders also support the United States estoppel claims because they add certainty to the final judgments rendered against the Defendants and affirmed by the Fifth Circuit Court of Appeals in the related criminal case that charged the defendants with fraud. *Mesquias,* 29 F.4th at 283.

### III.	CONCLUSION AND PRAYER

For the above stated reasons, the United States respectfully requests the Court grant this motion for leave to supplement its MSJ with the October 3, 2022, Supreme Court orders denying Defendants' petitions for writ of certiorari.

Date:  November 17, 2022

Respectfully submitted,

JENNIFER B. LOWERY,
United States Attorney

By:*/s/ Julie Redlinger*
Julie Redlinger
Assistant United States Attorney
SDTX: 873627, SBN: 24049160
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9779
Facsimile: (713) 718-3303
Email: julie.redlinger@usdoj.gov

*Attorney in charge for the United States*

## CERTIFICATE OF CONFERENCE

I hereby certify that the United States and counsel for Plaintiff McInnis conferred about this Motion on November 17, 2022, and Plaintiff's counsel is unopposed to this Motion.

The United States has not conferred with counsel for Plaintiff Mesquias because he has not entered an appearance in this matter, has not filed a response to the MSJ, and has had default judgment ordered against him in favor of the United States.

/s/ Julie Redlinger
Julie Redlinger
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, this Motion for Leave to Supplement was electronically submitted to the clerk of the U.S. District Court for the Southern District of Texas via the Court's CM/ECF system and thereafter sent to Defendant Rodney Y. Mesquias by certified mail (return receipt requested) to the following address:

Rodney Y. Mesquias
Register Number: 99600-380
FCI Bastrop
Federal Correctional Institute
P.O. Box 1010
Bastrop, Texas 78602

Additionally, I hereby certify that on November 17, 2022, this Motion for Leave to Supplement was electronically submitted to the clerk of the U.S. District Court for the Southern District of Texas via the Court's CM/ECF system, and a copy served via email to counsel for Defendant Henry W. McInnis as follows:

Cooke Kelsey
700 Louisiana Street, Suite 7200
Houston, Texas 2700
Telephone: 713-659-7200
Facsimile: 713-659-7203
cooke@ParkerSanchez.com

/s/ Julie Redlinger
Julie Redlinger
Assistant United States Attorney