IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* JANE DOE and JANE ROE <br> Plaintiffs, <br> <br> v. <br> <br> RODNEY YSA MESQUIAS, and <br> HENRY WAYNE MCINNIS <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. 2:15-CV-208 <br> <br> Judge Nelva Gonzales Ramos |

**ORDER ON THE
UNITED STATES MOTION FOR SUMMARY JUDGMENT
ON LIABILITY**

After review and consideration of the United States Motion for Summary Judgment on Liability, the applicable statutes, and controlling case law, the Court makes the following FINDINGS and GRANTS the Motion in favor of the United States:

1. On May 8, 2015, two Relators filed a *qui tam* Complaint that alleged Rodney Ysa Mesquias ("Mesquias") and Merida Health Care Group Inc. ("Merida"), entities owned by Mesquias, violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.,* and the Anti-kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, by knowingly submitting false and fraudulent hospice and home health claims to the Medicare Program for payment.

2. On October 16, 2018, in the Brownsville Division of the Southern District of Texas, the United States filed a Superseding Indictment that charged Mesquias, Henry Wayne McInnis ("McInnis") (collectively "Defendants"), and others, with inter alia, conspiracy to commit health care fraud, health care fraud, and conspiracy to pay and receive kickbacks in connection with the submission of false and fraudulent hospice and home health claims to the Medicare Program through Merida entities.

3. On November 6, 2019, a jury in the Brownsville Division of the Southern District of Texas, convicted the Defendants of conspiracy to commit health care fraud, health care fraud, conspiracy to commit money laundering, and conspiracy to obstruct justice. The jury also convicted Mesquias of conspiracy to pay and receive kickbacks.

4. On March 24, 2022, the Fifth Circuit Court of Appeals affirmed the criminal convictions and sentences of the Defendants.

5. On April 6, 2022, the United States filed a Complaint in Partial Intervention in the Relators' *qui tam* action that alleged the Defendants violated the FCA by (1) knowingly presenting, and causing to be presented, false and fraudulent claims for payment to Medicare through Merida for medically unnecessary hospice and home health services that were tainted by illegal kickbacks; (2) knowingly making, using, and causing to be made and used, false records and statements material to false and fraudulent Medicare claims submitted, including false and fraudulent patient medical records, evaluations, face-to-face encounters, and certifications of terminal illness and medical necessity; and by (3) conspiring with each other and others, to violate the FCA, all in violation of 31 U.S.C. §§ 3729(a)(1)(A)-(C).

6. On October 3, 2022, the Supreme Court denied the Defendants' petitions for writ of certiorari.

7. The FCA estoppel provision, 31 U.S.C. § 3731(e), estops a defendant against whom a final judgment has been rendered in favor of the United States in any criminal proceeding charging fraud or false statements, from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding that is brought under the FCA.

8. Final judgment has been rendered against the Defendants in favor of the United States in the related criminal case in the Brownsville Division of the Southern District of Texas. The criminal case charged, among other things health care fraud, and involved the same transactions alleged in the United States FCA Complaint.

9. The Defendants are estopped by their affirmed criminal convictions from denying the essential elements of the United States FCA causes of action. The Defendants may not re-litigate the factual issues in the United States Complaint in Intervention because the issues involve the same facts, transactions, and series of transactions already resolved by the Defendants' prior criminal proceedings beyond a reasonable doubt.

10. There are no genuine issues of material fact about FCA liability from which a jury could find in favor of the Defendants, and therefore, United States is entitled to summary judgment as a matter of law.

It is hereby the ORDER OF THE COURT that Summary Judgment on Liability is granted in favor of Plaintiff the United States on FCA causes of action One, Two, and Three.

Signed at Corpus Christi, Texas on _____, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE