United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* JANE DOE and JANE ROE | § | |
| Plaintiffs, | § | CIVIL NO. 2:15-CV-208 |
| | § | |
| v. | § | Judge Nelva Gonzales Ramos |
| | § | |
| RODNEY YSA MESQUIAS, and | § | |
| HENRY WAYNE MCINNIS | § | |
| Defendants. | § | |

**ORDER ON THE UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Before the Court is Plaintiff's (the Government's) Motion for Summary Judgment on Liability (D.E. 32), together with Defendant Henry Wayne McInnis's (McInnis's) response (D.E. 34), the Government's reply (D.E. 35) and supplement (D.E. 42). After the motion was filed, the Government sought and obtained a default judgment against Defendant Rodney Ysa Mesquias (Mesquias). D.E. 39. After review and consideration of the Government's motion for summary judgment, the applicable statutes, and controlling case law, the Court makes the following findings and **GRANTS** the motion in favor of the Government as to McInnis:

1. On May 8, 2015, two relators filed a qui tam complaint that alleged Mesquias, Merida Health Care Group Inc. ("Merida"), and Illumina, LLC (entities owned by Mesquias), violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.,* and the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, by knowingly submitting false and fraudulent hospice and home health claims to the Medicare Program for payment. D.E. 1.

2. On October 16, 2018, in the Brownsville Division of the Southern District of Texas, the Government filed a superseding indictment that charged Mesquias, McInnis, and

others, with *inter alia*, conspiracy to commit health care fraud, health care fraud, and conspiracy to pay and receive kickbacks in connection with the submission of false and fraudulent hospice and home health claims to the Medicare Program through Merida entities. *USA v. Mesquias*, No. 1:18-CR-8 (S.D.Tex. Oct. 16, 2018) (D.E. 119).

3. On November 6, 2019, a jury in the Brownsville Division of the Southern District of Texas convicted McInnis of conspiracy to commit health care fraud, health care fraud, conspiracy to commit money laundering, and conspiracy to obstruct justice. *USA v. Mesquias*, No. 1:18-CR-8 (S.D.Tex. Feb. 26, 2021) (D.E. 569).

4. On March 24, 2022, the Fifth Circuit affirmed the criminal conviction and sentence of McInnis. *United States v. Mesquias*, 29 F.4th 276 (5th Cir. 2022). On October 3, 2022, the United States Supreme Court denied his petition for writ of certiorari. *McInnis v. United States*, 143 S. Ct. 115 (2022).

5. On April 7, 2022, the Government filed a Complaint in Partial Intervention in the relators' qui tam action that alleged McInnis violated the FCA by (1) knowingly presenting, and causing to be presented, false and fraudulent claims for payment to Medicare through Merida for medically unnecessary hospice and home health services that were tainted by illegal kickbacks; (2) knowingly making, using, and causing to be made and used, false records and statements material to false and fraudulent Medicare claims submitted, including false and fraudulent patient medical records, evaluations, face-to-face encounters, and certifications of terminal illness and medical necessity; and (3) conspiring to violate the FCA, all in violation of 31 U.S.C. §§ 3729(a)(1)(A)-(C). D.E. 23.

6. A six-year statute of limitations applies to the FCA claims in this case. 31 U.S.C. § 3731(b)(1). The Government's FCA claims arise out of the same conduct,

transactions, or occurrences set forth, or attempted to be set forth, in the relators' complaint. D.E. 1, 23. Therefore, this action is not barred by limitations because the Government's complaint (D.E. 23) relates back to the date of the relators' complaint (D.E. 1), which was filed within six years of the conduct alleged to have taken place from 2009 to 2018. 31 U.S.C. § 3731(c).

7. Federal Rule of Civil Procedure 15(c) does not prevent relation back where the relators' complaint has been sealed because Congress provided the Government with the benefit of the relation back of its pleading. "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back . . . ." Fed. R. Civ. P. 15(c)(1); *see generally, United States ex rel. Raffington v. Bon Secours Health Sys*., Inc., 567 F. Supp. 3d 429, 445 (S.D.N.Y. 2021) ("By amending the FCA to provide relation back only for government pleadings, Congress demonstrated an awareness of the tension between the FCA's sealing requirement and Rule 15's notice requirements. It chose to relax the relation back standard for governmental pleadings — but not for a relator's pleadings.").

8. The FCA estoppel provision, 31 U.S.C. § 3731(e), estops defendants against whom a final judgment has been rendered in favor of the Government in any criminal proceeding charging fraud or false statements from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding that is brought under the FCA.

9. McInnis is estopped by his affirmed criminal conviction from denying the essential elements of the Government's FCA causes of action. He may not relitigate the factual issues in the Government's Complaint in Partial Intervention because the issues involve the same facts, transactions, and series of transactions already resolved by his prior

3

criminal proceedings beyond a reasonable doubt. Consequently, there are no genuine issues of material fact about liability which a jury could find in favor of McInnis, and the Government is entitled to summary judgment as a matter of law.

10. McInnis's arguments based on his indigence and the lack of a restitution order against him in his criminal case attack the element of damages, which is not at issue in this motion for partial summary judgment on liability.

It is hereby the **ORDER OF THE COURT** that summary judgment on liability is **GRANTED** in favor of Plaintiff the United States of America on FCA causes of action One, Two, and Three against Defendant McInnis.

ORDERED on January 18, 2023.

Nelva Gonzales Ramos
United States District Judge